UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUSTAVO PARTIDA,

    Plaintiff,

v.

ALEXANDER LIU, et al.,

    Defendants.

No. 2:17-cv-0694 WBS KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, and paid the filing fee. Plaintiff filed his civil rights complaint, pursuant to 42 U.S.C. § 1983, on September 25, 2014. (ECF No. 1.) In his amended complaint, plaintiff alleges violation of his rights under the Eighth and Fourteenth Amendments, in connection with his medical treatment at the San Joaquin General Hospital in 2016. Review of plaintiff's pleading and its attachments reflect that plaintiff failed to exhaust his administrative remedies prior to filing the instant action, and thus, as set forth below, this action must be dismissed without prejudice.

II. Screening Amended Complaint

Plaintiff claims he had multiple operations and had to return to the hospital multiple times, apparently for an infection, subjecting him to pain. Plaintiff names as defendants Dr. Liu, the San Joaquin General Hospital, and the California Health Care Facility. Medical records provided by

1

plaintiff confirm that plaintiff had right inguinal hernia repair surgery on June 12, 2016, a right orchiectomy on June 17, 2016, and subsequently developed "[s]epsis, secondary to right epididymitis." (ECF No. 1 at 14, 23.)

A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. In other words, prisoners are required to exhaust available remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

Proper exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95-96 (2006). The administrative process is exhausted only after the inmate complies with all relevant prison grievance procedures and receives a decision from the third level. Ngo, 548 U.S. at 95-96.

B. Administrative Appeal Process

The California Department of Corrections and Rehabilitation ("CDCR") provides inmates the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse

2

effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Following amendments that took effect January 28, 2011, California prisoners are required to proceed through three levels of appeal to exhaust the administrative appeal process: (1) formal written appeal on a CDC 602 inmate appeal form; (2) second level appeal to the institution head or designee; and (3) third level appeal to the Director of the CDCR. See 15 Cal. Code Regs. § 3084.1-3084.9.[1] A final decision from the Director's level of review satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a). See Lira v. Herrera, 427 F.3d 1164, 1166-67 (9th Cir. 2005); see also Cal. Code Regs. tit. 15, § 3084.7(d)(3) (as amended Dec. 13, 2010).

### C. Has Plaintiff Exhausted?

Initially, plaintiff denies the existence of a grievance procedure at his prison, and concedes he did not exhaust his Eighth Amendment claim because he "was not aware of the law pertaining to this case." (ECF No. 6 at 4.) Subsequently, in his third claim raising Eighth and Fourteenth Amendment claims, plaintiff concedes the prison has a grievance procedure, and states he did not exhaust his administrative remedies because "outside hospital and doctor [sic]." (ECF No. 6 at 5.)

*Sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust. See Jones, 549 U.S. at 214-15 (exhaustion is an affirmative defense and *sua sponte* dismissal for failure to exhaust administrative remedies under the PLRA is only appropriate if, taking the prisoner's factual allegations as true, the complaint establishes his failure to exhaust); 28 U.S.C. § 1915A(b)(1); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of prisoner's complaint because he failed to exhaust his administrative remedies).

Here, the CDCR provides an inmate grievance procedure. Although plaintiff first denies such procedure was available at his institution (ECF No. 6 at 3), he later concedes that such procedure was available. (ECF No. 6 at 5.) If plaintiff were not aware of such grievance

---

[1] The informal resolution level was eliminated. See Cal. Code Regs. tit. 15, § 3084.7 (as amended Dec. 13, 2010).

3

procedure, he could not, within the same document, admit his awareness and then provide an explanation that supports such awareness. Plaintiff admits he did not exhaust his administrative remedies because "outside hospital and doctor." (ECF No. 6 at 5.)

At least one out of circuit district court has expressed doubt that a claim made by prisoners alleging injury by dentists at an outside hospital involved "prison conditions," because the grievance system likely could not take any action against the dentists. Borges v. Adm'r for Strong Mem. Hosp., 2002 WL 31194558, *3 (W. D. N.Y., Sept. 30, 2002) ("[D]efendants have not cited any case which held that 'prison conditions' extend beyond the prison walls and this Court is hesitant to read such a requirement into the statute.").[2] The Second Circuit declined to reach the question. See Hubbs v. Suffolk Cnty. Sheriff's Dep't, 788 F.3d 54, 61 (2d Cir. 2015) (declining to reach the issue of whether PLRA exhaustion requirements applied to suit by inmate for excessive force claims arising out of incident at a court house).

However, another judge in the same court disagreed, finding that the exhaustion statute should be read broadly, and, although the events occurred outside the correctional facility at the Wyoming County Community Hospital, such events took place "in the context of [the prisoner's] confinement, and he was without question a "prisoner" at the time of those events, for purposes of the PLRA." Abdur-Raqiyb v. Erie Cty. Med. Ctr., 536 F. Supp. 2d 299, 304 (W. D. N.Y. Feb. 21, 2008). The undersigned agrees with the rationale of Abdur-Raqiyb. In addition, in 2002, the Supreme Court confirmed that the exhaustion requirement is broadly applied: "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532. Because prisoners are often taken to outside hospitals for medical treatment, it is unlikely that Congress intended to omit claims challenging such medical treatment from the exhaustion requirement.

---

[2] In another, out of circuit, district court case, the prisoner had been released from custody, and the court found that defendant Correctional Physician's Services, Inc. failed to meet its burden showing it was subject to the correctional facility's grievance process. Stevens v. Goord, 2003 WL 21396665, at *5 (S.D. N.Y. June 16, 2003), adhered to on reargument, 2003 WL 22052978 (S.D. N.Y. Sept. 3, 2003)

4

1    Therefore, because it is clear from the face of plaintiff's amended complaint that he did

2    not exhaust the administrative grievance procedure, this action must be dismissed.  42 U.S.C.

3    § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to

4    non-exhaustion is a valid grounds for dismissal, so long as no exception to exhaustion applies.")

D.  Potential State Law Claim

In addition, within his second claim, plaintiff vaguely alleges a violation of California

Penal Code section 5054.[3]  (ECF No. 6 at 4.)

> Commencing July 1, 2005, the supervision, management and control of the state prisons, and the responsibility for the care, custody, treatment, training, discipline and employment of persons confined therein are vested in the Secretary of the Department of Corrections and Rehabilitation.

Cal. Penal Code § 5054.  However, section 5054 does not provide a private right of action.  But

even if plaintiff could assert a supplement state law claim, he has not shown compliance with

California's Government Tort Claims Act ("Act"), a necessary prerequisite to a state law claim

against a state official.  Such claim must be presented to the Victim Compensation and

Government Claims Board no more than six months after the cause of action accrues.  Cal. Gov't

Code § 911.2.  Compliance with the Act is an element of the cause of action.  State of Cal. v.

Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2010).  Presentation of a written claim and

action on, or rejection of, the claim are conditions precedent to a suit.  Mangold v. California Pub.

Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  "[F]ailure to file a claim is fatal to a cause of

////

---

[3] Plaintiff also mentions Title 15.  But there is no independent cause of action under § 1983 for a violation of Title 15 of the California Code of Regulations.  Chappell v. Newbarth, 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); Parra v. Hernandez, 2009 WL 3818376, at *2, 8 (S.D. Cal. Nov. 13, 2009) (same)).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997); see also Davis v. Kissinger, 2009 WL 256574, *12 n.4 (E.D. Cal. Feb. 3, 2009) ("[T]here is not a single reported state or federal case permitting an independent cause of action" under the California Code of Regulations.).  Similarly, there is no liability under § 1983 for violating prison policies, such as those outlined in the CDCR's Operations Manual.  See Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) ("state departmental regulations do not establish a federal constitutional violation.").

action." Hacienda La Puente Unified School Dist. of Los Angeles v. Honig, 976 F.2d 487, 495 (9th Cir. 1992).

Finally, because plaintiff failed to first exhaust his administrative remedies as to his alleged constitutional violations, even if plaintiff had timely presented a state tort claim, the undersigned would decline to exercise supplemental jurisdiction over any state law claim. 28 U.S.C. § 367(c)(3).

For all of these reasons, plaintiff's potential state law claim is dismissed without prejudice.

E. Leave to Amend

Plaintiff has amended his complaint once as a matter of right. Fed. R. Civ. P. 15. Because plaintiff concedes he did not exhaust his administrative remedies, it would be futile to grant him leave to further amend.

III. Conclusion

Plaintiff was required to properly exhaust, and there was an administrative process available to him. Plaintiff concedes on the face of his pleading that he did not exhaust that available process. Thus, this action must be dismissed without prejudice. See City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); see also Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim").

IV. Conclusion

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 6, 2017

/part0694.fte.suasponte

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE